**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                      No. C 03-40210 CRB

12              Plaintiff,               **JURY INSTRUCTIONS**

13       v.

14   MOHAMMAD CHAUDHRY,

15              Defendant.

16   _____/

17

18

19

20

21

22   Dated: June 10, 2008

     _____
23   CHARLES R. BREYER
     UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**CHARGE AGAINST DEFENDANT NOT EVIDENCE**
**PRESUMPTION OF INNOCENCE**
**BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

United States District Court
For the Northern District of California

4

# REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose.  When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

10

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

11

1

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS— SINGLE DEFENDANTS

2

3      A separate crime is charged against the defendant in each count. You must decide

4  each count separately. Your verdict on one count should not control your verdict on any

5  other count.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY TO BE GUIDED BY OFFICIAL
ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES–IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Sheila Wu, Ali Khan, and Azim Gholami, all of whom admitted being an accomplice to the crimes charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

In addition, Sheila Wu received favored treatment from the government in connection with this case.  Azim Gholami and Ali Khan received favored treatment from the government in connection with this case, and both pleaded guilty to a crime arising out of the same events for which the defendant is on trial. The guilty pleas of Azim Gholami and Ali Khan are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.

For these reasons, in evaluating these witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine these witnesses' testimony with greater caution than that of other witnesses.

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

# CRIMINAL COUNTS

I will now discuss with you each of the counts that have been charged against the defendant.

**United States District Court**
For the Northern District of California

### FILING FALSE TAX RETURN
### (26 U.S.C. § 7206(1))

The defendant is charged in Counts One through Four of the indictment with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant made and signed a tax return for the following years and corporations that he knew contained false information as to a material matter, namely, the gross receipts;

| Count | Corporation | Year |
|-------|-------------|------|
| One | RT Computers | April 1, 1998 to March 31, 1999 |
| Two | RT Computers | April 1, 1999 to March 31, 2000 |
| Three | RT Computers | April 1, 2000 to March 31, 2001 |
| Four | AES | 1999 |

*Second*, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

*Third*, in filing the false tax return, the defendant acted willfully.

19

1

**WILLFULLY**

2

3          An act is done willfully if done voluntarily and intentionally with the purpose of

4 violating a known legal duty.

**CONSPIRACY**
**18 U.S.C. § 371**

The defendant is charged in Count Six of the indictment with conspiring to structure transactions for the purpose of evading a reporting requirement in violation of Section 5324(a)(3) of Title 31 of the United States Code and Section 103.22 of Title 31 of the Code of Federal Regulations. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning in or about January 2000, and ending in or about April 2001, there was an agreement between two or more persons to commit the crime of structuring transactions for the purpose of evading a reporting requirement, as charged in the indictment; and;

*Second*, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

*Third*, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

21

United States District Court
For the Northern District of California

# CONSPIRACY–DEFINITION

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of structuring transactions for the purpose of evading a reporting requirement as alleged in the indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

22

**STRUCTURING TRANSACTIONS FOR THE PURPOSE OF EVADING A
REPORTING REQUIREMENT
(31 U.S.C. § 5324(a)(3))**

The defendant is charged in Counts Seven through Seventeen of the indictment with

Structuring Transactions for the Purpose of Evading a Reporting Requirement, in violation of

Section 5324(a)(3) of Title 31 of the United States Code.  In order for a defendant to be

found guilty of that charge, the government must prove each of the following elements

beyond a reasonable doubt:

*First*, the defendant structured or attempted to structure the following transactions for

the purpose of evading the currency transaction reporting requirements; and

| Count | Date(s) | Description |
|-------|---------|-------------|
| Seven | August 20, 1999 | Four WWS checks payable to RT and one to AES, numbers 1524-1528, each in the amount of $9,500, for a total of $47,500 |
| Eight | September 30, 1999 | Six WWS checks, three each payable to RT and AES, numbers 1682-1687, in amounts ranging from $9,000 to $9,500, for a total of $56,000 |
| Nine | November 15, 1999 to November 19, 1999 | Ten WWS checks, numbers 1864-1873, five each payable to RT and AES, in amounts ranging from $2,700 to $9,850, for a total of $85,600 |
| Ten | January 21, 2000 to January 25, 2000 | Thirteen WWS checks, numbers 2155-2167, six payable to AES and seven payable to RT, in amounts ranging from $8,400 to $9,800, for a total of $120,000 |
| Eleven | March 14, 2000 to March 20, 2000 | Seventeen WWS checks, numbers 2408-2424, nine payable to RT and eight payable to AES, in amounts ranging from $5,650 to $9,850, for a total of $150,000 |
| Twelve | April 29, 2000 to May 8, 2000 | Thirteen WWS checks, five payable to RT and eight payable to AES, in amounts ranging from $3,150 to $9,550, for a total of $112,600 |
| Thirteen | December 7, 2000 to December 8, 2000 | Four Powerhouse checks, numbers 1505-1508, two payable to RT and two payable to AES, all in the amount of $7,125, for a total of $28,500 |

United States District Court
For the Northern District of California

23

| Fourteen | March 23, 2000 to March 27, 2000 | Three Goldeneye checks, number 1666-1668, payable to RT, ranging from $8,500 to $9,500, for a total of $27,000 |
| Fifteen | March 29, 2000 to March 31, 2000 | Five Goldeneye checks, numbers 1673-1677, two payable to RT and three payable to AES, in amounts ranging from $8,100 to $9,800, for a total of $45,500 |
| Sixteen | March 23, 2000 | Six Compu4less checks, numbers 1357-1362, payable to RT, five in the amount of $9,500 and one in the amount of $9,802, for total of $57,302 |
| Seventeen | October 12, 1999 | Four Compu4less checks, numbers 1173-1176, payable to RT, in amounts ranging from $9,453 to $9,900, for a total $39,153 |

*Second*, that the transaction involved one or more domestic financial institutions.

**DOMESTIC FINANCIAL INSTITUTION–DEFINED**

For purposes of a charge under Title 31, United States Code, Section 5324, a "domestic financial institution" is defined to include any commercial bank in the United States as well as a cashier of checks, money orders, or similar instruments.  The parties have agreed that Union Bank, Wells Fargo Bank, E.C.L. Enterprise Market and Deli ("ECL"), Mail & Money Market ("MMM"), and Money Market Financial Services ("MMFS") are domestic financial institutions.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### STRUCTURING–DEFINED

A person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements concerning the filing of Currency Transaction Reports. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

**ATTEMPT**

The defendant is charged in the indictment with attempting to commit Structuring Transactions For the Purpose of Evading a Reporting Requirement. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant intended to commit Structuring Transactions For the Purpose of Evading a Reporting Requirement; and

*Second*, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime to commit Structuring Transactions For the Purpose of Evading a Reporting Requirement.

Mere preparation is not a substantial step toward the commission of Structuring Transactions For the Purpose of Evading a Reporting Requirement.

# DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

28

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.