1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

MOHAMMAD YOUSUF CHAUDHRY,

      Defendant.

_____/

No. C 03-40210 CRB

**ORDER**

     The issue before the Court is whether a defendant who has been convicted but not yet sentenced may be subject to a competency determination as set forth in 18 U.S.C. § 4241, or whether 18 U.S.C. § 4244 is the only provision that is operative at this stage in the proceedings.  After carefully considering the submissions of the parties and with the benefit of oral argument, the Court holds that the competency standard in § 4241 does apply in these circumstances.

<u>BACKGROUND</u>

     On June 13, 2008, Defendant Mohammad Yousuf Chaudhry was convicted on sixteen counts related to tax fraud.  On September 10, 2008, Defendant submitted an ex parte application to continue sentencing so that he could undergo a psychiatric examination.  The Court granted the application the next day.  At no point before or during Defendant's trial had counsel raised the issue of Defendant's competency, nor has any party suggested that

United States District Court
For the Northern District of California

1  Defendant was incompetent to stand trial.  The instant proceedings have focused solely on

2  Defendant's mental capacity for the period post-conviction and before sentencing.

3       The parties appeared for hearings on November 5 and November 12, 2008, to discuss

4  the results of the doctor's examination.  The Court instructed the government to identify a

5  psychiatrist who could also examine Defendant.  On November 14, 2008, the Court

6  appointed Dr. John R. Chamberlain, one of the government's suggested doctors, to evaluate

7  Defendant and determine his mental competency.

8       A competency hearing on December 10 was continued until December 15 to allow

9  counsel to review the medical reports.  Before the hearing, the Court considered the reports

10 of Dr. John M. Greene (the defense expert) and Dr. John R. Chamberlain.  Dr. Greene stated,

11 in his opinion, "with reasonable medical certainty, that Mr. Chaudhry is currently unable to

12 have a rational understanding of the proceedings against him, because of his Psychotic

13 Disorder."

14      Similarly, when asked, "Does the defendant have the ability to understand the nature

15 of the criminal proceedings?" Dr. Chamberlain answered:

16      No.  Mr Chaudhry appeared to believe there was a conspiracy against him.  He
        appeared to believe the government and prosecutors influenced the jury.  He
17      appeared to believe the case against him had to do with things other than tax
        charges.  He appeared to believe his being Muslim was a factor in the case
18      outcome.

19 In response to the question of whether Defendant has the ability to assist counsel in the

20 conduct of a defense in a rational manner, Dr. Chamberlain again answered "No."  He went

21 on to state that Defendant "appeared to be too preoccupied with apparently delusional

22 material to assist counsel in a rational manner."

23      At the competency hearing, the parties agreed to submit the matter on the two medical

24 reports.  See Transcript Dec. 15, 2008 at 4.  The parties also agreed that 18 U.S.C. § 4241

25 was the operative statute governing the proceedings.  See id. at 3-4.  Based on the parties'

26 submissions, the Court found by a preponderance of the evidence that Defendant was

27 presently suffering from a mental disease or defect rendering him mentally incompetent to

28 the extent that he is unable to understand the nature and the consequences of the proceedings

2

against him or to assist properly in his defense.  The Court committed Defendant to the

custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).  Under that section,

Defendant was hospitalized "for treatment in a suitable facility for such reasonable period,

not to exceed four months, as is necessary to determine whether there is a substantial

probability that in the foreseeable future he will attain the capacity to permit sentencing to

proceed."  Order Dec. 15, 2008.

On June 3, 2009, the Court received a psychiatric evaluation from the Federal Bureau

of Prisons.  The report, dated May 7, 2009, stated that:

> It is our opinion Mr. Chaudhry is suffering from a mental disease or defect
> rendering him mentally incompetent to the extent that he is unable to
> understand the nature and consequences of the proceedings filed against him or
> assist properly in his own defense, nor is there a substantial probability that his
> competency will be restored in the foreseeable future. . . . If the Court agrees
> with our opinion, Mr. Chaudhry is subject to Title 18, U.S.C., Section 4246 and
> should be returned to the custody of the Attorney General for designation to a
> Medical Referral Center to undergo a risk assessment pursuant to the above
> statute.

The opinion was signed by Raul Campos, Acting Warden at Federal Medical Center

("FMC") Butner.  The report included a Forensic Evaluation signed by both a Staff

Psychologist and Staff Psychiatrist at the federal facility.

On June 4, 2009, the government submitted a memorandum suggesting the Court (and

the parties) had erred in applying the terms of 18 U.S.C. § 4241.  The government contended

that 18 U.S.C. § 4244 is the only section that may apply to mentally ill defendants who have

been convicted and face sentencing.  Under § 4244, the question for the Court would be not

whether Defendant was competent, but rather whether his mental condition requires that he

be committed to an appropriate facility for care and treatment in lieu of imprisonment.

On June 24, 2009, new counsel substituted in for Mr. Chaudhry.  In anticipation of an

upcoming status conference, Defendant submitted a memorandum challenging the

government's reading of the relevant statutes.  Defendant argued that there was no mistake;

§ 4241 was still applicable at this stage in the proceedings.  Counsel requested that pursuant

to the suggestion of the acting warden at FMC-Butner, Defendant be returned to that facility

for a risk assessment.

3

**United States District Court**
For the Northern District of California

1    On July 1, 2009, the Court held a hearing and requested the parties submit further

2 briefing on the matter.  At the hearing, the government also suggested it wanted to challenge

3 the finding of the psychiatric evaluation submitted by FMC-Butner.  The government did not

4 address that argument in its briefing however.  Rather, both parties focused on whether

5 § 4241 or § 4244 applies to Mr. Chaudhry.

6    On July 15, 2009, the Court held further argument on the issue and took the matter

7 under submission.  Given the government's change in position on the applicability of § 4241,

8 the government was instructed to file a letter detailing the official position of the United

9 States Department of Justice.  On August 14, 2009, government counsel submitted that she

10 "has consulted with the Criminal Appellate Section of the Department of Justice, which

11 confirmed that 18 U.S.C. § 4244 sets forth the procedures that apply where issues regarding

12 the defendant's mental health – including competency – are raised post-conviction but pre-

13 sentencing."  The Court disagrees.

14

15    DISCUSSION

16 I.    Legal Standards

17    The parties do not dispute that Mr. Chaudhry suffers from mental illness.  The

18 question is, given his mental condition, what are the next steps the Court should take?  The

19 crux of the parties' dispute is whether 18 U.S.C. § 4241 or § 4244 should apply where a

20 defendant has already been convicted but has not yet been sentenced.  The two statutes at

21 issue fall in the chapter of the criminal code titled "Offenders with Mental Disease or

22 Defect."

23    A.    Section 4241

24    Defendant contends the competency determination outlined by 18 U.S.C. § 4241

25 applies to this case.  That section, titled "Determination of mental competency to stand trial

26 to undergo postrelease proceedings," provides that "[a]t any time after the commencement of

27 a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or

28 the attorney for the Government may file a motion for a hearing to determine the mental

4

competency of the defendant." 18 U.S.C. § 4241(a) (emphasis added). The Court is directed to grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id.

If the Court finds by a preponderance of the evidence that the defendant is incompetent, the Court "shall commit the defendant to the custody of the Attorney General." Id. § 4241(d). The Attorney General shall hospitalize the defendant:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
> > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> >
> > (B) the pending charges against him are disposed of according to law; whichever is earlier.

Id.

If, at the end of the "additional reasonable period," the defendant's mental condition "has not so improved as to permit proceedings to go forward," the defendant is subject to the provisions of 18 U.S.C. § 4246. Id. Section 4246 details the procedure for conducting a risk assessment for persons who are otherwise eligible for release from federal custody. 18 U.S.C. § 4246.

Section 4241 codifies the standard for competency set forth by the Supreme Court in Dusky v. United States, 362 U.S. 402 (1960) (per curiam). In Dusky, the Court clarified that the test for competency is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Id. (internal quotation marks omitted). The requirement that a defendant be competent during a criminal

1    proceeding is predicated upon a defendant's right to due process.  Medina v. California, 505

2    U.S. 437, 448 (1992).

3         B.    Section 4244

4         Section 4244, titled "Hospitalization of a convicted person suffering from mental

5    disease or defect," provides:

> A defendant found guilty of an offense, or the attorney for the Government,
> may, within ten days after the defendant is found guilty, and prior to the time
> the defendant is sentenced, file a motion for a hearing on the present mental
> condition of the defendant if the motion is supported by substantial information
> indicating that the defendant may presently be suffering from a mental disease
> or defect for the treatment of which he is in need of custody for care or
> treatment in a suitable facility. The court shall grant the motion, or at any time
> prior to the sentencing of the defendant shall order such a hearing on its own
> motion, if it is of the opinion that there is reasonable cause to believe that the
> defendant may presently be suffering from a mental disease or defect for the
> treatment of which he is in need of custody for care or treatment in a suitable
> facility.

12   18 U.S.C. § 4244(a).

13        If the Court finds by a preponderance of the evidence that Defendant suffers from a

15   mental disease or defect and that he should "in lieu of being sentenced to imprisonment, be

16   committed to a suitable facility for care or treatment," the Court shall commit Defendant to

17   the custody of the Attorney General.  Id. § 4244(d).  "The Attorney General shall hospitalize

18   the defendant for care or treatment in a suitable facility.  Such a commitment constitutes a

19   provisional sentence of imprisonment to the maximum term authorized by law for the offense

     for which the defendant was found guilty."  Id.

20        A defendant who is committed under § 4244 may be discharged if the hospital facility

22   "determines that the defendant has recovered from his mental disease or defect to such an

23   extent that he is no longer in need of custody for care or treatment in such a facility."  Id. §

24   4244(e).  If at that time, the provisional sentence has not expired, the Court then proceeds to

     sentencing and may modify the provisional sentence.  Id.

25        At no point does § 4244 refer to "competency."  Unlike § 4241, which codifies the

27   Dusky standard for competency, § 4244 looks only to whether a mentally ill defendant is in

28   need of "custody for care or treatment in a suitable facility" rather than imprisonment.  See

     18 U.S.C. § 4244(a).

United States District Court
For the Northern District of California

6

United States District Court
For the Northern District of California

II.     The Competency Determination in Section 4241 Applies Post-Conviction

After reviewing the statute, the relevant case law, and the legislative history, the Court concludes that § 4241 may apply where, as here, a defendant has already been convicted but has not yet been sentenced.  Although § 4244 also applies during this period, the two statutes govern two separate and distinct inquiries.

A.      Language of § 4241

The government's argument that § 4241 cannot apply is forestalled by the clear language of the statute.  "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms."  Caminetti v. United States, 242 U.S. 470, 485 (1917).  Section 4241 states that a motion to determine competency may be raised "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . ."  18 U.S.C. § 4241(a).  Moreover, the statute provides that the issue to be determined is whether "the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent."  Id.  A plain reading of § 4241 suggests that it applies here: the issue of competency was raised by Defendant after commencement of the prosecution and prior to the sentencing, and the Court is considering Defendant's present competency.

There is nothing else within the text of § 4241 that would suggest it cannot apply at this point in proceedings.  The government argues that by inquiring into whether a defendant can "assist properly in his defense," § 4241 must not apply post-conviction.  See 18 U.S.C. §§ 4241(a), (d).  First of all, the Court is not persuaded that a person can only "assist in his defense" at trial.  Sentencing is a critical component of the criminal process through which a defendant should be able to participate on his own behalf.  "The ability to assist in the defense is essentially equivalent to the ability to assist in sentencing."  United States v. Gigante, 996 F. Supp. 194, 198 (E.D.N.Y. 1998).  The Federal Rules of Criminal Procedure explicitly provide for a convicted defendant's continued participation in the adversary process, for example, through review of a presentence investigation report, see Fed. R. Crim.

P. 32(f), and allocution at the time sentencing, <u>see</u> Fed. R. Crim. P. 32(i)(4).  "These

activities are of considerable import."  <u>United States v. Pellerito</u>, 878 F.2d 1535, 1544 (1st

Cir. 1989).

Second, those subsections both refer to the requirement that in determining whether a

person is incompetent, the Court must find he is <u>either</u> unable to understand the nature and

consequence of the proceedings <u>or</u> unable to assist properly in his defense.  <u>See</u> 18 U.S.C. §§

4241(a), (d).  Even if the Court was to accept that the latter inquiry went only to the

defendant's ability to assist before conviction, the statute contemplates that the defendant

also must be able to understand the "proceedings" against him, which would include

sentencing.

Finally, the Court is not persuaded that the inclusion of subsection (f) militates against

applying the statute.  That subsection provides that a finding of competency is inadmissible

as evidence at trial.  18 U.S.C. § 4241(f).  This merely clarifies the effect of a competency

determination made before trial.  It certainly does not bar the possibility of a competency

determination occurring post-conviction and pre-sentencing, as is contemplated by the first

sentence of § 4241(a).

B.      <u>Section 4244 Applies to *Competent* Defendants</u>

The Court recognizes § 4244 also applies to the period of time post-conviction and

pre-sentencing.  The Court is not convinced, however, that § 4244 applies to the exclusion of

§ 4241.  This precise issue was considered by Judge Myron H. Thompson in <u>United States v.</u>

<u>Morris</u>, 550 F. Supp. 2d 1290 (M.D. Ala. 2008).  In <u>Morris</u>, the court rejected the very same

argument put forth by the government here.  Judge Thompson noted:

> 18 U.S.C. § 4241 and 18 U.S.C. § 4244 have two different roles.  Section 4241
> governs how the court should treat a convicted defendant found to be <u>mentally</u>
> <u>incompetent</u> to be sentenced; whereas, § 4244, entitled "Hospitalization of a
> convicted person suffering from mental disease or defect," governs how a court
> should sentence a convicted defendant who, while <u>mentally competent</u> to be
> sentenced, still suffers from a mental disease or defect and is need in care or
> treatment in a facility.

<u>Id.</u> at 1293-94.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1     In so ruling, the <u>Morris</u> court cited to <u>United States v. Roberts</u>, 915 F.2d 889 (4th Cir.

2    1990).  There, the Fourth Circuit noted that:

> Section 4241 applies to defendants found to be <u>mentally incompetent</u> to stand
> trial.  Section 4244 applies to <u>competent</u> persons found to be suffering from a
> mental disease prior to sentencing . . . .  Clearly those statutes apply to different
> types of mentally ill patients who cannot be lumped together into a group
> consisting of people with mental problems facing federal prosecution.

<u>Id.</u> at 891-92 (emphasis added).

     The government's position was also expressly rejected in <u>United States v. Gigante</u>,

996 F. Supp. 194 (E.D.N.Y. 1998).  There, Judge Jack Weinstein engaged in a particularly

thorough discussion of the standards applicable to a mentally ill defendant at the time of

sentencing.  The court first noted that it was still unsettled as to whether the <u>Dusky</u> standard

for competency applied to the sentencing portion of a criminal proceeding.  <u>Id.</u> at 196.  The

court took a close look at relevant case law, examining the constitutional underpinnings of

the competency standard and the importance of the sentencing phase in criminal proceedings.

<u>Id.</u> at 196-98.  The court concluded that "a defendant should be as capable of defending

himself with the aid of an attorney when facing his sentencer as when facing a jury" and held

that "the Constitution requires the <u>Dusky</u> standard to apply at the penalty phase of a

prosecution."  <u>Id.</u> at 198.  The court then noted that the <u>Dusky</u> standard has been codified at

18 U.S.C. § 4241(d) and unequivocally rejected the argument that § 4241 did not apply

during the sentencing process.  <u>Id.</u> ("The phrase 'prior to sentencing' includes immediately

prior to the sentencing, implying as a practical matter that it means 'during sentencing' as

well.")

     The <u>Gigante</u> court also recognized the qualitative difference between § 4241 and §

4244, noting "[m]ental illness is not equivalent to mental incompetence . . . The presence of

some degree of mental illness is not to be equated with incompetence to be sentenced."  <u>Id.</u>

(internal citations and quotation marks omitted).  The court concluded by finding that the

defendant was competent under the § 4241 standard, so that his sentencing could then

proceed under § 4244.  <u>Id.</u> at 198-99.

**United States District Court**
For the Northern District of California

1      The Court finds the reasoning in both <u>Morris</u> and <u>Gigante</u> thorough and persuasive.

2  Aside from plain reading of the statutes, common sense also supports a finding that they

3  govern separate inquiries.  There are certainly individuals who are competent in that they can

4  understand the nature and circumstances of the proceedings against them, but whose mental

5  condition is such that treatment in a suitable facility is preferable to imprisonment.  It is for

6  these defendants that § 4244 is instrumental.

7          C.     <u>Section 4241 Does Apply Post-Conviction and Pre-Sentencing</u>

8      In addition to <u>Morris</u> and <u>Gigante</u>, there are multiple circuit decisions that clearly

9  apply § 4241 in the post-conviction pre-sentencing context, contrary to the government's

10  argument that there is a temporal limitation that applies here.  In <u>United States v. Pellerito</u>,

11  878 F.2d 1535 (1st Cir. 1989), the First Circuit held that "[t]he need for competency survives

12  trial and extends through the sentencing phase of a criminal proceeding."  <u>Id.</u> at 1544.  The

13  court went on to examine the manner in which the district court applied § 4241, never

14  questioning the applicability of the competency standard at this stage in the proceedings.  In

15  <u>United States v. Garrett</u>, 903 F.2d 1105 (7th Cir. 1990), the court again applied the § 4241

16  standard to a defendant who claimed he was incompetent prior to sentencing.  <u>Id.</u> at 1115.

17      The Court notes that the Fourth Circuit suggested a different conclusion in <u>United</u>

18  <u>States v. Mason</u>, 52 F.3d 1286 (4th Cir. 1995), where it noted that "Section 4244 concerns a

19  defendant's competence to be sentenced, whereas § 4241 relates to competence to stand

20  trial."  <u>Id.</u> at 1288 n.2.  In <u>Mason</u>, however, the Fourth Circuit's fleeting reference to the two

21  statutes did not engage in any discussion of the qualitative differences between the two

22  statutes.  Moreover, the question of which statute to apply was not before the court, as the §

23  4241 standard was clearly applicable because the defendant had yet to be tried.  <u>See id.</u>

24  Accordingly, the Court is not persuaded that the footnote in <u>Mason</u> refutes the reasoned

25  analysis of <u>Morris</u> and <u>Gigante</u> or abrogates the application of § 4241 in <u>Pellerito</u> and

26  <u>Garrett</u>.

27      The government does not address the aforementioned case law, but instead points the

28  Court to <u>United States v. Wolfson</u>, 616 F. Supp. 2d 398 (S.D.N.Y. 2008).  In <u>Wolfson</u>, the

United States District Court
For the Northern District of California

1  defendant argued that his mental condition had deteriorated so that he was incompetent to be

2  sentenced.  Id. at 401.  The court noted that the Supreme Court has not addressed the issue of

3  whether the standard of competency applies to sentencing, but followed Gigante and held

4  that the Dusky competency standard does apply.  Id. 419.  Applying § 4244 rather than §

5  4241, the court held that the defendant suffered from a "mental disease or defect" and

6  committed defendant to a provisional sentence.  Id. at 421-22.

7       Despite the government's argument, Wolfson is not compelling in light of Morris and

8  Gigante.  The Wolfson court does not engage in any discussion whatsoever as to why it

9  employed § 4244 instead of § 4241.  While Morris and Gigante both squarely addressed the

10  issue before this Court, Wolfson merely applied § 4244 without any discussion of § 4241.

11  The court determined that a competency determination was proper at the time of sentencing,

12  but did not discuss why it was not applying the section that clearly applies to competency

13  determinations, § 4241.  The competency standard is mentioned nowhere in § 4244.  See 18

14  U.S.C. § 4244.  The Wolfson court praises Gigante for its "thorough opinion," but fails to

15  make the very distinction between § 4241 and § 4244 that was elucidated in Gigante: the

16  former applies to all competency determinations, while the latter applies to competent

17  defendants who will benefit from hospitalization rather than imprisonment.  See Gigante, 996

18  F. Supp. at 198.  It is simply inconsistent to say that persons facing sentencing are entitled to

19  a competency determination but then not apply the statute that relates to competency.

20       Finally, the Wolfson court's subsequent orders also reference § 4241(d), and required

21  the hospital facility to provide reports that would be outside the scope of § 4244.  This

22  undermines the contention that the court thought § 4244 should apply exclusively.

23  Accordingly, the Court is not persuaded that Wolfson governs this matter.

24       D.     Legislative History & Statutory Scheme

25       Although the Court finds little ambiguity in § 4241 regarding the scope of its

26  application, the Court has also examined the legislative history of both statutes.  Even where

27  words of a statute are plain and unambiguous on their face, a court may look to the

28  legislative history if the plain meaning is at variance with the policy of the statute as a whole.

11

1  See Church of Scientology of California v. United States, 612 F.2d 417, 421-22 (9th Cir.

2  1979).  A court may also see if there is a "clearly expressed legislative intention" contrary to

3  the language of the statute.  See INS v. Cardoza-Fonseca, 480 U.S. 421, 433 n.12 (1987).

4        The legislative history is ambiguous.  On one hand, it states that § 4241 deals

5  "exclusively with the determination of the mental competency of the defendant to stand

6  trial."  S. Rep. 98-225 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3414.  It then goes on

7  to state that mental competency may be determined "after the defendant has been arrested or

8  charged and before the imposition of sentence on the defendant."  Id.

9        The legislative history for § 4244 states that it is intended to apply to convicted

10  persons who are mentally ill, but like the statute itself, it does not mention "competency" or

11  the traditional competency standard at all.  There is no reason to believe that the § 4244

12  procedure supplants the independent § 4241 competency determination for individuals who

13  are found to be mentally ill post-conviction and pre-sentencing.  Rather, both sections can be

14  read in conjunction so that § 4241 is a threshold inquiry into whether a defendant is

15  competent, and § 4244 applies to dictate what should happen to competent convicted

16  defendants who nonetheless are suffering from mental illness and will benefit more from

17  hospitalization than imprisonment.  In sum, the Court is not persuaded that there is a "clearly

18  expressed legislative intention" that counsels against application of the plain terms of § 4241.

19        It is also possible that Congress did not contemplate the situation that arises here:

20  where a defendant is arguably rendered incompetent (rather than merely mentally ill) after

21  trial but before sentencing.  Nothing in the legislative history demonstrates that Congress

22  clearly envisioned this scenario and affirmatively provided for it.  "If Congress [ ] made a

23  choice of language which fairly brings a given situation within a statute, it is unimportant

24  that the particular application may not have been contemplated by the legislators."  Sears,

25  Roebuck & Co. v. United States, 504 F.2d 1400, 1402 (Ct. Cust. App. 1974).  Here, the

26  language of § 4241 "fairly brings" this situation within the province of the statute.

27        The government's appeal to look to the titles of the various sections is similarly

28  baseless.  The plain meaning of statutory text controls the Court's interpretation, not the

**United States District Court**
For the Northern District of California

1    titles.  <u>Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.</u>, 331 U.S. 519, 528-29

2    (1947) (noting the "wise rule that the title of a statute and the heading of a section cannot

3    limit the plain meaning of the text").

4            Finally, the government complains that Defendant's proposed course of proceedings is

5    flawed because it "would allow guilty persons to go free with no provision for their care or

6    treatment and no means for 'final sentencing' if the defendant were to recover from his

7    mental defect in the future."  Gov't Mem. at 7.  As a threshold matter, a finding of

8    incompetency only lets a person "go free" if there is a finding that there is not a "substantial

9    probability that in the foreseeable future" he will attain capacity.  18 U.S.C. § 4241(d)(1).  In

10   addition, the individual is subject to a risk assessment under § 4246.  Accordingly, the

11   government's fear about guilty persons going free is a bit overstated.

12           The competency inquiry reflects a careful analysis of constitutional due process

13   standards.  <u>See</u> <u>Medina v. California</u>, 505 U.S. 437, 439 (1992) ("It is well established that

14   the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a

15   defendant who is not competent to stand trial.").  Although the Court recognizes the Supreme

16   Court has not expressly applied the <u>Dusky</u> competency standard to defendants who are facing

17   sentencing, other courts have.  <u>See</u> <u>Pellerito</u>, 878 F.2d at 1544 ("Surely, the sentencing

18   process necessitates that the defendant possess both a present ability to consult with a lawyer

19   with a reasonable degree of rational understanding and a rational as well as factual

20   understanding of proceedings." (citing <u>Dusky</u>, 362 U.S. at 402) (internal quotation marks

21   omitted)); <u>Gigante</u>, 996 F. Supp. at 198 ("It must be concluded that the Constitution requires

22   the <u>Dusky</u> standard to apply at the penalty phase of a prosecution."); <u>see also</u> <u>Chavez v.</u>

23   <u>United States</u>, 656 F.2d 512, 518 (9th Cir. 1981) (holding that in order to be competent to

24   waive a constitutional right at sentencing, the defendant must be able "to understand the

25   nature of the proceedings and participate intelligently to the extent participation is called

26   for").  These authorities give persuasive reasons why due process concerns are best served by

27   conducting an inquiry into the ability of a convicted person to understand the nature and

28   circumstances of the sentencing proceedings.  It may seem unfair to the government that a

**United States District Court**
For the Northern District of California

1  convicted person may eventually be released before sentencing, but that is exactly what the

2  competency standard contemplates, whether the inquiry occurs before, during, or after trial.

3  Subjecting an individual who is incompetent, unlikely to improve, and does not present a risk

4  to the community to a provisional sentence of imprisonment to the maximum term authorized

5  by law presents its own fairness concerns.

6

7                                                    CONCLUSION

8          In sum, the Court holds that 18 U.S.C. § 4241 and § 4244 apply to independent

9  inquiries.  The first, under § 4241, is whether a defendant is competent under a codification

10  of the Dusky standard.  Namely, is the defendant able to understand the nature and

11  consequences of the proceedings against him and to assist properly in his defense?  18 U.S.C.

12  § 4241(a).  If, as here, the answer is "no," then the court is to follow the instructions in

13  § 4241 regarding a determination on the likelihood of recovery.  See 18 U.S.C. § 4241(d).

14  On the other hand, if a defendant is found to be competent but suffering from a mental

15  disease or defect, § 4244 comes into play.

16          Here, because the Court has already found Defendant to be incompetent, see Order

17  Dec. 15, 2008, and the acting warden of FMC-Butner submitted a report indicating he was

18  not likely to improve in the foreseeable future, the proper course is to return Defendant to

19  FMC-Butner for a risk assessment pursuant to 18 U.S.C. § 4246.  See 18 U.S.C. § 4241(d).

20  "Because [defendant] has been found incompetent to stand for sentencing, § 4244 does not

21  apply to him."  Morris, 550 F. Supp. 2d at 1294.

22          **IT IS SO ORDERED.**

23

24

25  Dated: August 17, 2009                        _____
                                                   CHARLES  R. BREYER
26                                                 UNITED STATES DISTRICT JUDGE

27

28

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28