IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 03-40210 CRB |
| Plaintiff, | **ORDER OF RELEASE** |
| v. | |
| MOHAMMAD YOUSUF CHAUDHRY, | |
| Defendant. / | |

The Court is now in receipt of the Butner Federal Medical Center's forensic evaluation of Defendant Chaudhry, dated December 2, 2009. The evaluation concludes that Chaudhry "does NOT meet the criteria for commitment pursuant to Title 18, United States Code, Section 4246(b), in that his release would not pose a substantial risk of bodily injury to another person or serious damage to the property of another."

Because Chaudhry does not meet the criteria for civil commitment, and is not competent to be sentenced, there is no statutory authority to keep him in federal custody. Therefore, he must be released.

## BACKGROUND

On June 13, 2008, Defendant Chaudhry was convicted on sixteen counts related to tax fraud. On September 10, 2008, Defendant submitted an ex parte application to continue sentencing so that he could undergo a psychiatric examination. The Court granted the request.

On November 5, 2008, the Court held a hearing to discuss the psychiatrist's conclusions. While the psychiatrist had not yet compiled a report, he had informed the parties in a letter of his conclusion that Defendant was not competent to stand trial. In light of the absence of a thorough report, the Court continued the hearing for one week to allow the psychiatrist to complete a report.

The hearing was reconvened on November 12, 2008, by which time the parties had received a psychiatric report signed by Dr. John M. Green. Dr. Green concluded that "with reasonable medical certainty, . . . Mr. Chaudhry is currently unable to have a rational understanding of the proceedings against him, because of his Psychotic Disorder." The Court solicited the Government to provide the name of another psychiatrist to examine Chaudhry and provide a second opinion, with the expectation of holding a hearing in the future to determine whether Chaudhry was in fact incompetent to be sentenced.

The Government suggested two psychiatrists, and the Court appointed Dr. John R. Chamberlain to provide his opinion as to Chaudhry's competence. Dr. Chamberlain's report was submitted in early December, and a hearing was convened on December 15. Dr. Chamberlain, like Dr. Green before him, concluded that Chaudhry was unable to rationally participate in the proceedings against him. The parties agreed at the hearing to submit the matter of Chaudhry's competence on the two reports then before the Court.

The Court found by a preponderance of evidence that, under 18 U.S.C. § 4241, Chaudhry was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense. The Court committed Chaudhry to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). Under that section, Defendant was hospitalized "for treatment in a suitable facility for such reasonable period, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit sentencing to proceed." Order Dec. 15, 2008.

2

One June 3, 2009, the Court received a psychiatric evaluation from the Federal Bureau of Prisons. The report, dated May 7, 2009, stated that:

> It is our opinion Mr. Chaudhry is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, nor is there a substantial probability that his competency will be restored in the foreseeable future. . . . If the Court agrees with our opinion, Mr. Chaudhry is subject to Title 18, U.S.C., Section 4246 and should be returned to the custody of the Attorney General for designation to a Medical Referral Center to undergo a risk assessment pursuant to the above statute.

The opinion was signed by Raul Campos, Acting Warden at Federal Medical Center ("FMC") Butner. The report included a forensic evaluation signed by both a staff psychologist and staff psychiatrist at the federal facility.

On June 4, 2009, the Government submitted a memorandum suggesting the Court had erred in applying 18 U.S.C. § 4241, and asserting instead that the proper section was 18 U.S.C. § 4244. Under § 4244, the question for the Court would not be whether Defendant was competent, but rather whether his mental condition required that he be committed to an appropriate facility for care and treatment in lieu of imprisonment. In an order dated August 17, 2009, the Court rejected the Government's argument. Because § 4241 specifically addresses the issue of competency, and provides that competency remains an issue relevant to the sentencing stage of criminal proceedings, the Court concluded that it is the proper section to apply in this case. Section 4244 does not concern the issue of competency, and instead applies only to competent, albeit mentally ill, defendants. Accordingly, the court ordered that Chaudhry be transferred back to FMC-Butner for a risk assessment pursuant to 18 U.S.C. § 4246.

On December 2, 2009, FMC-Butler submitted its opinion to the Court that "Chaudhry is not suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." Therefore, "it was the consensus of the review panel and the undersigned that Mr. Chaudhry does NOT meet the criteria for commitment pursuant to Title 18, United States Code, Section 4246(b), in that his release would not pose a substantial risk of bodily injury to

3

another person or serious damage to the property of another." The report is signed by Maureen Reardon, a staff psychologist, and Ralph Newman, a staff psychiatrist.

## DISCUSSION

This Court's most recent order transferred Defendant to FMC-Butner for a risk assessment pursuant to 18 U.S.C. § 4246(b). Under § 4246(d), if the BOP certifies its belief that a defendant is dangerous, and the Court finds in a subsequent evidentiary hearing clear and convincing evidence that the defendant is dangerous, "the court shall commit the person to the custody of the Attorney General."

In this case, however, the BOP has concluded that Chaudhry is not dangerous. Accordingly, the Chaudhry cannot be civilly committed under 18 U.S.C. § 4246. Therefore, he must be released.

On December 12, the Government submitted a brief arguing that, because the Government plans to appeal this Court's decision, any release order must be pursuant to 18 U.S.C. § 3143(c), as opposed to 18 U.S.C. § 4246. The Government further requests that, pursuant to § 3143, certain conditions be imposed on Chaudhry's release.

Without conceding that the Government is correct that § 3143 is the governing statute, in order to expedite Chaudhry's release from custody, this Court agrees to impose certain conditions. First, Chaudhry is released to the custody of either his daughter, Amina Yousuf Chaudhry, or his son-in-law, Ismael Ali Benhamida. Second, upon release from confinement, Chaudhry shall remain in the custody of one of those individuals and reside at 901 North Penn Street Regatta #1501, Philadelphia, Pennsylvania, 19123. Third, Chaudhry and his daughter, Amina Yousuf Chaudhry, are directed to appear before United States Magistrate Judge L. Felipe Restrepo, Courtroom 5A, United States Courthouse, 601 Market St., Philadelphia, Pennsylvania, on Thursday, December 17, at 1:30 PM. Chaudhry and his daughter shall be required to execute an appearance bond, setting forth the following conditions:

**1.** Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.

4

**2.** Defendant shall not commit any federal, state, or local crime.

**3.** Defendant shall remain in the custody of custodian Amina Yousuf Chaudhry at 901 North Penn Street Regatta #1501, Philadelphia, Pennsylvania, 19123.

The Government also requested that Chaudhry be ordered to undergo psychiatric treatment while on conditional release. This request is denied. Congress has authorized such a condition in certain contexts, such as that specified in 18 U.S.C. § 4246. Under that section, a prisoner previously deemed dangerous as a result of a mental condition may be released subject to psychiatric treatment where it is determined that, "under a prescribed regimen of . . . psychiatric or psychological care or treatment," he "would no longer create a substantial risk of bodily injury." Id. § 4246(e)(2). However, where the Court finds such an individual to no longer create a substantial risk of bodily injury, "the court shall order that he be immediately discharged." Id. § 4246(e)(1).

While this Court does not proceed under § 4246, that section offers helpful guidance. That section reflects Congress's judgment that a defendant – even thought he was previously judged to be dangerous – shall be "immediately discharged" upon a finding that he no longer constitutes a danger. The section only authorizes a release conditioned on psychiatric treatment where that treatment is necessary to eliminate the danger. In this case, Chaudhry has never been found dangerous. It would be unfair to impose on him a condition that is not imposed on other, previously dangerous defendants.[1]

IT IS SO ORDERED.

Dated: Dec. 10, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that, had the Government not chosen to appeal, the governing section would indeed be 18 U.S.C. § 4246, and this Court would be obligated to release Chaudhry immediately. In the present context, it is unfair to permit the Government's decision to appeal to dictate the imposition of such a drastic condition.